J-S25040-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TYRONE JELANI DANSBY | : | |
| | : | |
| Appellant | : | No. 2929 EDA 2023 |

Appeal from the Judgment of Sentence Entered October 24, 2023
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0001832-2022

BEFORE: DUBOW, J., McLAUGHLIN, J., and BECK, J.

MEMORANDUM BY BECK, J.:            **FILED AUGUST 16, 2024**

Tyrone Jelani Dansby ("Dansby") appeals from the judgment of sentence imposed by the Montgomery County Court of Common Pleas ("trial court") following his guilty plea to making materially false written statements and corrupt organizations.[1] Dansby's counsel, Attorney Sean E. Cullen ("Counsel"), seeks to withdraw from representation pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009). Upon review, we grant Counsel's petition to withdraw and affirm Dansby's judgment of sentence.

The trial court summarized the underlying facts as follows:

> [Dansby] purchased sixty-nine handguns. [For each purchase, Dansby] went to the gun store, picked the gun, completed paperwork, and left with the gun. [Dansby] completed

---

[1] 18 Pa.C.S. §§ 6111(g)(4)(ii), 911(b)(2).

sixty-nine state police forms or application records of sale. [Dansby] completed thirty-eight copies of the ATF 4473 federal forms. Each of those forms asked if [Dansby] was the actual buyer of the gun and each time [Dansby] answered "yes" that he was the actual buyer. However, the guns were not for [Dansby] and he was not the actual buyer of the gun. These purchases occurred between April 25, 2020[,] and September 12, 2020[,] in Montgomery County, Philadelphia County, Bucks County[,] and Lehigh County. … [Dansby] agreed that each time he purchase a gun, he lied on the purchase paperwork. [Dansby] also agreed that he obtained money from other people to purchase guns for them and made money in the process. The thirty-eight purchases at the gun stores constituted a pattern of behavior, whereby he was engaged in working for an organization trafficking firearms.

Trial Court Opinion, 12/11/2023, at 3 (citations omitted).

Dansby was arrested and charged with 1,290 charges. Dansby entered a guilty plea to count 139, admitting that he made a materially false written statement, graded as a third-degree felony; counts 141-208, admitting that he made materially false written statements, second or subsequent offense, graded as a second-degree felony; and count 852, corrupt organizations, graded as a felony in the first degree. In exchange for the plea, the Commonwealth agreed to nolle pros the remaining charges. The parties also agreed to recommend that the maximum sentence would not exceed twenty-five to fifty years in prison. The trial court accepted the plea and deferred sentencing. Ultimately, the trial court sentenced Dansby to an aggregate term of seventeen and one-half to thirty-five years in prison. Dansby filed a post-

sentence motion to modify his sentence, which the trial court denied. Thereafter, he filed a timely appeal.[2]

Counsel filed an *Anders* brief and petition to withdraw in this Court. When faced with an *Anders* brief, we may not review the merits of the underlying issues or allow counsel to withdraw without first deciding whether counsel has complied with all requirements set forth in *Anders* and *Santiago*. *Commonwealth v. Cox*, 231 A.3d 1011, 1014 (Pa. Super. 2020). There are mandates that counsel seeking to withdraw pursuant to *Anders* must follow, which arise because a criminal defendant has a constitutional right to a direct appeal and to be represented by counsel for the pendency of that appeal. *Commonwealth v. Woods*, 939 A.2d 896, 898 (Pa. Super. 2007). We have summarized these requirements as follows:

> Direct appeal counsel seeking to withdraw under *Anders* must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an *Anders* brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.

> *Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed pro se or raise any additional points worthy of this Court's attention.

> If counsel does not fulfill the aforesaid technical requirements of *Anders*, this Court will deny the petition to withdraw and remand the case with appropriate instructions (e.g.,

---

[2] After Dansby filed the appeal, his counsel withdrew representation. As a result, the trial court appointed Counsel to represent him on appeal.

directing counsel either to comply with **Anders** or file an advocate's brief on [a]ppellant's behalf).

**Id.** (citations omitted).

Additionally, **Santiago** sets forth precisely what an **Anders** brief must contain:

> [T]he **Anders** brief that accompanies court-appointed counsel's petition to withdraw … must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361. If counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings to determine whether there are any non-frivolous issues the appellant could raise on appeal. **Commonwealth v. Dempster**, 187 A.3d 266, 272 (Pa. Super. 2018) (en banc).

Instantly, we conclude that Counsel has complied with the requirements outlined above. Counsel has filed a petition with this Court stating that after reviewing the record, he finds this appeal to be wholly frivolous. Petition to Withdraw as Counsel, 2/16/2024.[3] In conformance with **Santiago**, Counsel's

_____

[3] On January 29, 2024, Counsel filed with this Court his **Anders** brief and letter to Dansby informing him of his rights. Although Counsel had sent his petition to withdraw to Dansby, he did not file his petition with this Court until February 16, 2024.

brief includes summaries of the facts and procedural history of the case and discusses the issues he believes might arguably support Dansby's appeal. *See Anders* Brief at 3-14. Counsel's brief further sets forth his conclusion that the appeal is frivolous, including discussion of, and citation to, relevant authority in support of his conclusion. *Id.* Finally, Counsel attached to his petition to withdraw the letter he sent to Dansby, which enclosed Counsel's petition and *Anders* brief. *See* Letter, 1/29/2024. Counsel's letter advised Dansby of his right to proceed pro se or with private counsel, and to raise any additional issues that he deems worthy of this Court's consideration. *Id.* Because Counsel has complied with the procedural requirements for withdrawing from representation, we turn our attention to the issues Counsel raised in the *Anders* brief:

1. [Whether t]he [t]rial [c]ourt [a]bused its discretion in failing to take into consideration [mitigating factors] in sentencing [Dansby] to a cumulative seventeen and one[-]half years [] to thirty[-]five years [] of incarceration [][?]

2. [Whether t]he [t]rial [c]ourt [a]bused its discretion in failing to take into consideration in sentencing [Dansby] to a cumulative seventeen and one[-]half years [] to thirty[-]five years [] of incarceration [sic] where the Honorable Court rejected the Post Trial Motion for Reconsideration of Sentence without a hearing[?]

3. [Whether t]he [t]rial [c]ourt [a]bused its discretion in failing to take into consideration in sentencing [Dansby] to a cumulative seventeen and one[-]half years [] to thirty[-]five years [] of incarceration in [sic] that a Senior Member of the Montgomery County Bar and Friend of the Court Robert L. Brant Esquire (on October 19, 2023) had passed away leaving the Court with loss and sorrow and which resulted in a higher sentence[?]

***Anders*** Brief at 6-7.

In his first claim, Dansby argues that the trial court abused its discretion in imposing an excessive sentence without considering his lack of criminal record, the fact he took responsibility for the crimes by pleading guilty, he never caused harm to anyone, and the character letters which supported a lesser sentence. ***See id.*** at 8. In so arguing, Dansby challenges the discretionary aspects of his sentence.[4] ***See, e.g., Commonwealth v. Caldwell***, 117 A.3d 763, 768 (Pa. Super. 2015) (noting claims that the sentence was excessive challenges the discretionary aspects of sentencing); ***Commonwealth v. Moury***, 992 A.2d 162, 169 (Pa. Super. 2010) (a claim that the sentencing court failed to consider mitigating factors is a challenge to the discretionary aspects of sentencing). "A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." ***Commonwealth v. Baker***, 311 A.3d 12, 18 (Pa. Super. 2024) (citation omitted). To invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence, an appellant must satisfy a four-part test:

---

[4] As Dansby entered a guilty plea that did not limit the sentencing court's discretion in imposing the sentence other than the maximum sentence the judge could impose, Dansby's challenge to the discretionary aspects of sentencing may be considered by this Court on appeal. ***See Commonwealth v. Tirado***, 870 A.2d 362, 365 n.5 (Pa. Super. 2005) (stating that "when the plea agreement [contains] no bargain for a specific or stated term of sentence, the defendant will not be precluded from appealing the discretionary aspects of his sentence") (citation omitted).

> (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post-sentence motion; (2) the appellant filed a timely notice of appeal, (3) the appellant set forth a concise statement of reasons relied upon for the allowance of his appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

*Commonwealth v. Rivera*, 312 A.3d 366, 376-77 (Pa. Super. 2024) (citation and brackets omitted).

Instantly, Dansby filed a timely notice of appeal and preserved the issue in a timely post-sentence motion. *See* Notice of Appeal, 11/09/2023; Post-Sentence Motion, 10/25/2023. Although Dansby has not complied with Pa.R.A.P 2119(f), the Commonwealth does not object to Dansby's failure to include a Rule 2119(f) statement; therefore, we may ignore the omission. *Commonwealth v. Kiesel*, 854 A.2d 530, 533 (Pa. Super. 2004); *see also Commonwealth v. Zeigler*, 112 A.3d 656, 661 (Pa. Super. 2015) ("Where counsel files an *Anders* brief, this Court has reviewed the matter even absent a separate Pa.R.A.P. 2119(f) statement."). Accordingly, we proceed to determine whether Dansby has presented a substantial question that his sentence is not appropriate.

We evaluate what constitutes a substantial question on a case-by-case basis. *Commonwealth v. Paul*, 925 A.2d 825, 828 (Pa. Super. 2007). We have found that a substantial question exists "when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process."

*Commonwealth v. Phillips*, 946 A.2d 103, 112 (Pa. Super. 2008) (citation omitted).

Here, Dansby's claim that the trial court imposed an excessive sentence without considering mitigating factors raises a substantial question. *See Caldwell*, 117 A.3d at 770 (stating that "an excessive sentence claim – in conjunction with an assertion that the court failed to consider mitigating factors – raises a substantial question"). Accordingly, we will consider the merits of Dansby's claims.

Our standard of review of discretionary aspects of a sentencing challenge is well settled:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Baker*, 311 A.3d at 19 (citation omitted).

If the trial court was informed by a presentence investigation report, "it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed."[5] *Commonwealth v. Miller*, 275 A.3d 530, 535

---

[5] These factors include "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and
*(Footnote Continued Next Page)*

(Pa. Super. 2022); *see also Commonwealth v. Rhoades*, 8 A.3d 912, 919 (Pa. Super. 2010) (noting that where "the sentencing court had the benefit of a pre[]sentence investigation report, we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors.") (citation and quotation marks omitted).

Here, when fashioning a sentence, the trial court noted that it considered the presentence investigation report, the exhibits presented at sentencing, statements by Dansby, and argument of counsel. N.T., 10/24/2023, at 71. The trial court emphasized that "the gun epidemic that causes consequences, known and unknown, and somewhere lines have to be drawn." *Id.* at 68. The court found that a person cannot say they did not understand the repercussions of the crimes because "when you purchase this many guns and you're doing it day after day, there's a clear understanding in your head of what's going on and what you're doing is illegal." *Id.* at 68; *see also id.* at 70 ("[S]omeone put a vast amount of guns on the street. Someone deliberately and intentionally lied to obtain these guns to line his pockets with money, with little or no concern for the consequences of those actions."). The court recognized Dansby's lack of criminal record and observed that Dansby

_____

the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). "The balancing of these [s]ection 9721(b) sentencing factors is within the sole province of the sentencing court." *Baker*, 311 A.3d at 19 (citation omitted).

was not a sophisticated individual, highlighting that this many gun purchases in such a short amount of time is "just calling out for attention and calling out the authorities' attention on oneself." *Id.* at 69, 70.

Not only was the trial court informed by Dansby's presentence investigation report, but it expressly considered Dansby's mitigating evidence. The trial court found that any mitigating circumstances were outweighed by the seriousness of the crimes—a determination that was within its authority to make. *See Baker*, 311 A.3d at 19 (noting that "the weight accorded to the mitigating factors or aggravating factors presented to the sentencing court is within the court's exclusive domain"). In light of the foregoing, we agree with Counsel that the first claim is frivolous.

In his second issue, Dansby argues that the trial court erred in failing to hold a hearing on his post-sentence motion. *Anders* Brief at 11. Although Dansby contends that he is entitled to a hearing, as Counsel recognizes, Pennsylvania Rule of Criminal Procedure 720 does not guarantee the right to a hearing on post-sentence motions. *See* Pa.R.Crim.P. 720(B)(2)(b) ("the judge shall also determine whether a hearing or argument on the motion is required"); Pa.R.Crim.P. 720, cmt. ("There is no requirement that oral argument be heard on every post-sentence motion."). Counsel is therefore correct that raising this issue on appeal would be frivolous.

In Dansby's third issue, he avers that the trial court abused its discretion in imposing an excessive sentence by failing to account for the death of a

Senior Member of the Montgomery County Bar and friend of the court, Robert L. Brant, Esquire ("Brant"). **Anders** Brief at 11. According to Dansby, Brant's death somehow caused the trial court, in its sorrow to impose a higher sentence. **Id.** at 11-12.

Dansby waived this issue, as it was not raised at sentencing or in a post-sentence motion. **See** Pa.R.A.P 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."); **see also Cox**, 231 A.3d at 1016 (explaining that precedent does not permit "this Court to address issues that were not properly preserved in the trial court" and "the mere filing of an **Anders** brief and petition to withdraw will not serve to resuscitate claims that were already waived upon the filing of the notice of appeal").[6] Counsel is therefore correct that raising the issue on appeal would be frivolous.

Our independent review of the record reveals no non-frivolous issues that Dansby could raise on appeal. **See Dempster**, 187 A.3d at 272. We therefore grant Counsel's petition to withdraw and affirm Dansby's judgment of sentence.

Petition to withdraw granted. Judgment of sentence affirmed.

---

[6] In any event, the trial court noted that Dansby cites to nothing in the record to indicate that the imposition of sentence was impacted by Brant's death. **See** Trial Court Opinion, 12/11/2023, at 13. The trial court emphasized that it impartially presided over the proceedings. **Id.**

- 11 -

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>8/16/2024</u>